IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    v.                                          Criminal No. 2:04CR8

BRENDA SUE WHITE,
            Defendant.

## ORDER/OPINION

On the 1st day of May, 2009, came the defendant, Brenda Sue White, in person and by her counsel, Harry Smith, and also came the United States by its Assistant United States Attorney, Stephen Warner, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on April 20, 2009, alleging:

1) <u>Violation of Mandatory Condition: The defendant shall not commit another federal, state or local crime.</u>

2) <u>Violation of Mandatory Condition: The defendant shall not unlawfully possess a controlled substance.</u>

   <u>Nature of Non-compliance:</u> The defendant failed to abide by these conditions since being placed on supervised release in that: 1) On or about April 17, 2009, the defendant did have in her possession a Schedule II controlled substance, to- wit: Cocaine, with the intent to deliver, which is in violation of West Virginia State Code 60A-4-401 and as charged in Randolph County Magistrate Court No. 09-F-55; and 2) On or about April 17, 2009, the defendant provided a voluntary admission to members of the Randolph County Sheriff's Department, which stated: "I sold two grams (cocaine) this morning for 100.00 bucks a piece. I sold it to the same person," which is in violation of West Virginia State Code 60A-4-401.

3) <u>Violation of Standard Condition: Thee defendant shall not leave the judicial district without the permission of the Court or Probation Officer.</u>

   <u>Nature of Non-compliance:</u> The defendant failed to abide by this condition since being placed on supervised release in that on or about April 17, 2009, the defendant provided a voluntary statement to members of the Randolph County Sheriff's Department in which the defendant reported that she traveled to Columbus, Ohio, on April 16, 2009. Furthermore, the aforementioned travel was not authorized by the Probation Officer.

4) <u>Violation of Standard Condition: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.</u>

<u>Nature of Non-compliance</u>: The defendant failed to abide by this condition since being placed on supervised release in that on or about April 17, 2009, members of the Randolph County Sheriff's Department confiscated the following paraphernalia and/or drug related items from the defendant's residence: 1) Approximately 86 individual baggies containing a white powdery substance, 2) A Diet Pepsi can with a false bottom, 3) A brake parts cleaner can with a false bottom, 4) Two (2) sets of digital scales, 5) Spoon with a white reside, 6) Small silver tube, 7) An envelope containing a white powdery residue, 8) A blue pipe with a white powdery reside, 9) A box of DG sandwich baggies, 10) A scanner, and 11) a surveillance system.

5) <u>Violation pf Standard Conditions: The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the Probation Officer.</u>

<u>Nature of Non-compliance</u>: The defendant failed to abide by this condition since being placed on supervised release in that: 1) On or about April 17, 2009, the defendant associated with persons engaged in criminal activity, to-wit: Jacob "Jake" Burgin and Gregory "Greg" Davis, and 2) On or about April 12, 2009, the defendant associated with persons engaged in criminal activity, to-wit: Kelly Channel.

The Probation Officer also noted a previous report had been submitted to the Court on April 25, 2007, reporting that defendant had provided a urine specimen which tested positive for Cocaine on April 5, 2007. Defendant was subsequently enrolled in substance abuse treatment and no additional action was requested. The Court concurred with the Probation Officer's recommendation of no additional action.

The Court heard the testimony of United States Probation Officer, Brian Kilgore, who testified that he is Defendant's supervising probation officer. He filed the Petition at issue. He was not directly involved in the incident that led to the Petition. Instead, he was contacted on April 17, 2009, by Randolph County Deputy Sheriff Brady, who told him officers were at Defendant's residence to execute a search warrant, pursuant to which they had seized cocaine, and that Defendant had been arrested and taken into custody.

On Monday, April 20, Mr. Kilgore went to the Sheriff's Department and spoke with Deputy Brady, and also went to the Randolph County Magistrate Clerk's office and obtained the records from Defendant's arrest. The documents he received included a Report of Criminal Investigation and a Criminal Complaint charging Defendant with felony manufacture or delivery of a controlled substance. It also stated that when officers arrived to execute the search warrant, "Greg Davis" saw them and ran into the residence. At that time officers advised Defendant of the search warrant and detained her and three male subjects. All four were <u>Mirandized</u>. The officers found several baggies of cocaine in the residence. Defendant stated the cocaine was hers and that she had gone to Ohio the day before to get the cocaine and bring it back to West Virginia. She also stated that the cocaine was worth $7,000.00.

Violations 1 and 2 were based on the charges in the criminal complaint and Defendant's statement that she had sold cocaine that morning.

Violation 3 was based on her statement that she had gone to Ohio to get the cocaine.

Violation 4 was based on the items seized from Defendant's residence during the search.

Violation 5 was based on information provided to Mr. Kilgore that Greg Davis and Jake Burgin had criminal records or charges pending, and were at Defendant's residence at the time of the search, and that Kelly Channell was arrested at Defendant's residence a few days prior to the search.

Upon cross examination, Mr. Kilgore again testified he was not present during any of the events described in the Petition. He was aware that Defendant's State appointed counsel believed there may "be an issue" with the search warrant. He also was aware that Defendant had said she did not know Kelly Channell was at her residence until she was arrested. Mr. Kilgore testified that he had been Defendant's supervising probation officer for approximately 11 months, and had had no

problems with her during that time.

Upon consideration of all which, the Court finds there is probable cause as to each and every violation alleged in the Petition, to believe that the defendant violated conditions of her supervised release as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed April 20, 2009.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable John Preston Bailey, Chief United States District Judge for the Northern District of West Virginia on the violations alleged in the Petition for Warrant or Summons for Offender Under Supervision filed April 20, 2009. Said hearing is scheduled to take place on **May 14, 2009, at 9:30 a.m.** at the **Elkins** point of holding court.

The undersigned inquired about the issue of release or detention pending final hearing, to which counsel for Defendant stated that Defendant was being held on the State charges on $100,000.00 bond, and he therefore believed the issue of release was moot at this time. Defendant therefore waived a detention hearing at this time.

It is therefore further **ORDERED** that Defendant be returned to State custody pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this order to counsel of record.

DATED: May 4, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE